ARA JABAGCHOURIAN (SB#205777)
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: ajabagchourian@cpmlegal.com

*Attorneys Sweet Delight, Huang Family Trust and Pacificcom Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>                    Plaintiffs,<br>     v.<br><br>SWEET DELIGHT, HUANG FAMILY TRUST, and PACIFICCOM INC., a California Corporation,<br><br>                    Defendants. | **Case No. C 08-01958 JCS**<br><br>**SWEET DELIGHT, HUANG FAMILY TRUST and PACIFICCOM INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

Sweet Delight, Huang Family Trust and Pacificcom Inc. (collectively "Defendants"), hereby respond to Plaintiff Craig Yates and Disability Rights, Enforcement, Education, Services: Helping You Help Others (collectively "Plaintiffs") Complaint For Injunctive Relief and Damages as follows:

1. Other than the allegation regarding the relief Plaintiffs seek, Defendants deny Paragraph 1.

2. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 2 of the Complaint. Paragraph 2 of the Complaint is therefore denied.

3. Defendants admit paragraph 3.

4. Defendants admit paragraph 4.

5. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit that DRESS seeks statutory relief. Defendants deny the remainder of paragraph 7.

8. Paragraph 8 of the Complaint is admitted.

9. Paragraph 9 of the Complaint is admitted.

10. Paragraph 10 is admitted to the extent of the citation to the code of Federal regulation. It is denied as to all other allegations.

11. Paragraph 11 is admitted.

12. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

///

15. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny that they ever received a letter from Plaintiff as alleged in paragraph 19 of the Complaint. Defendants admit they never received a response.

20. Defendants deny that the door way impeded Plaintiff's entry. Defendants lack sufficient information and knowledge or belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint.

21. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint is denied.

23. Paragraph 23 of the Complaint is denied.

24. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 24 of the Complaint as it relates to the letters being sent. Defendants deny the remaining allegations of paragraph 24.

25. Paragraph 25 of the Complaint is denied.

26. Paragraph 26 of the Complaint is denied.

27. Paragraph 27 of the Complaint is denied.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 of the Complaint is denied.

30. Paragraph 30 of the Complaint is denied.

31. Paragraph 31 of the Complaint is denied.



LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

1    32.    Defendants admit that Plaintiffs seek such redress as identified in paragraph 32 of
2 the Complaint.
3    33.    Defendants admit that Plaintiffs seek such redress as identified in paragraph 33 of
4 the Complaint.  Defendants deny the remaining allegations in paragraph 33 of the Complaint.
5    34.    Defendants deny paragraph 34 of the Complaint.
6    35.    Defendants admit Plaintiffs seek the redress they seek.  Defendants deny the
7 remaining allegations contained in paragraph 35 of the Complaint.
8    36.    Defendants deny paragraph 36 of the Complaint.
9    37.    Defendants deny paragraph 37 of the Complaint.
10    38.    Defendants deny paragraph 38 of the Complaint.
11    39.    Defendants lack sufficient information and knowledge or belief as to the truth of
12 the allegations contained in paragraph 39 of the Complaint.
13    40.    Defendants understand that Plaintiffs seek to incorporate the prior allegations
14 contained in earlier paragraphs of the Complaint.
15    41.    Defendants lack sufficient information and knowledge or belief as to the truth of
16 the allegations contained in paragraph 41 of the Complaint.  Such allegations are immaterial to
17 the action.
18    42.    Defendants lack sufficient information and knowledge or belief as to the truth of
19 the allegations contained in paragraph 42 of the Complaint.  Such allegations are immaterial to
20 the action.
21    43.    Paragraph 43 is an allegation of law and is immaterial as it provides no factual
22 allegation.
23    44.    Paragraph 44 is an allegation of law and is immaterial as it provides no factual
24 allegation.
25    45.    Paragraph 45 is an allegation of law and is immaterial as it provides no factual
26 allegation.  To the extent an factual allegations are made in this paragraph, defendants deny them.
27    46.    Defendants deny the allegations in paragraph 46.
28    47.    Defendants deny paragraph 47 of the Complaint.


LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**SWEET DELIGHT, HUANG FAMILY TRUST and PACIFICCOM INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**    3

48. Defendants admit work was done after 1992, but deny the remaining allegations in paragraph 48 of the Complaint.

49. Defendants deny that the premises and defendants' policies bar full and equal use by anyone. Defendants lack sufficient information and knowledge or belief as to the truth of the remaining allegations contained in paragraph 49 of the Complaint.

50. Defendants lack sufficient information and knowledge or belief as to the truth of the factual allegations contained in paragraph 50 of the Complaint.

51. Defendants admit that Plaintiffs seek the redress indicated in paragraph 51 of the Complaint.

52. Defendants understand that Plaintiffs seek to incorporate the allegations contained in earlier paragraphs of the Complaint.

53. Allegations in paragraph 53 are statements of law and contain no factual allegations and violates Rule 8 of the FRCP.

54. Allegations in paragraph 54 are statements of law and contain no factual allegations and violates Rule 8 of the FRCP.

55. Allegations in paragraph 55 are statements of law and contain no factual allegations and violates Rule 8 of the FRCP.

56. Defendants deny paragraph 56 of the Complaint. To the extent that allegations in paragraph 56 are statements of law and contain no factual allegations, such statements violate Rule 8 of the FRCP.

57. Defendants deny paragraph 57 of the Complaint.

58. Defendants deny paragraph 58 of the Complaint.

59. Defendants deny paragraph 59 of the Complaint.

60. Defendants deny paragraph 60 of the Complaint.

61. Defendants deny paragraph 61 of the Complaint.

62. Defendants understand that Plaintiffs seek to incorporate the allegations contained earlier paragraphs.

63. Allegations in paragraph 63 are statements of law and contain no factual allegations and violates Rule 8 of the FRCP.

64. Allegations in paragraph 64 are statements of law and contain no factual allegations and violates Rule 8 of the FRCP. Defendants deny the remaining allegations in paragraph 64.

65. Defendants deny paragraph 65 of the Complaint.

66. The allegation in paragraph 66 is a legal conclusion and therefore Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny paragraph 67 of the Complaint.

68. Defendants lack sufficient information and knowledge or belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69. Defendants understand the remedies Plaintiffs seek in paragraph 69 of the Complaint.

70. Defendants understand that Plaintiffs incorporate prior paragraphs of the Complaint.

71. Allegations in paragraph 71 are statements of law and contain no factual allegations and violates Rule 8 of the FRCP. Defendants deny the remaining allegations in paragraph 71.

72. Allegations in paragraph 72 are statements of law and contain no factual allegations and violates Rule 8 of the FRCP. Defendants deny the remaining allegations in paragraph 72.

73. Defendants deny paragraph 73 of the Complaint.

74. Defendants deny paragraph 74 of the Complaint.

75. Defendants deny paragraph 75 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

76. The Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

77. Defendants allege that there has been no violation of the Unruh Civil Rights Act, in that the inability of plaintiff to come into the business establishment is not discriminatory, but is caused by the structure of the building and by the fact that admittance of plaintiff would require significant construction, alteration or modification of the premises as it is presently constructed is impossible because plaintiff uses a wheelchair and the doorway prevents accommodation of a wheelchair and would require construction, alteration, repair, or modification of the building in which defendants' business establishment is located that is not required by other provisions of the law.

## Third Affirmative Defense

78. At any and all times, employees of Sweet Delight reasonably accommodated Plaintiffs any time they patronized the establishment, including taking and providing orders at the immediate vicinity of the establishment and other means to reasonably accommodate patrons with disabilities.

## Fourth Affirmative Defense

79. Defendants' premises had no structural barriers to interfere with anyone's reasonable accommodation to the use of any and all public facilities of Sweet Delight. In fact, Defendants had made modifications to the facility specifically to accommodate those with disabilities.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief as follows:

1. Plaintiffs take nothing from their Complaint;
2. Defendants be awarded attorneys fees and cost of defending the suit;
3. Defendants be allowed to recover such other and further relief as the Court may deem just and proper.

Dated: July 15, 2008         **COTCHETT, PITRE & McCARTHY**


By: */s/ Ara Jabagchourian*
ARA JABAGCHOURIAN
Attorneys for Defendants


**JURY DEMAND**

Defendants demand trial by jury on all issues so triable.


Dated: July 15, 2008         **COTCHETT, PITRE & McCARTHY**


By: */s/ Ara Jabagchourian*
ARA JABAGCHOURIAN
Attorneys for Defendants